UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE SEABROOKS, | |
| Petitioner, | Civil Action No. 13-3703 (MAS) |
| v. | **MEMORANDUM AND ORDER** |
| CHARLES WARREN, et al., | |
| Respondents. | |

This matter having come before the Court on the Petition for Writ of Habeas Corpus ("Petition") of Petitioner Eugene Seabrooks ("Petitioner"), for relief under 28 U.S.C. § 2254, challenging the conviction and sentence imposed by the State of New Jersey for murder. It appearing that:

1. After filing the Petition, Petitioner moved this Court to grant discovery so that Petitioner could compel the State to produce any record of a certain police report. (ECF No. 17.) In the motion, Petitioner argues that the report is exculpatory evidence showing that Petitioner could not have been at the scene of the crime at the time of the murder because he was at a police station filing said police report. (*See* ECF No. 17-1.) Petitioner alleges that he has maintained this alibi throughout the years, even while his trial was on-going, but due to a lack of evidence, he was unable to raise the defense in state court. *Id.* at 4. The lack of evidence was allegedly the result of the State's insistence over the years that the report simply did not exist. *Id.* As such, Petitioner admits that this issue was never before the state court, either on direct appeal or during post-conviction review. *Id.* at 6.

2. Normally, this Court does not grant discovery in a habeas action unless there is a compelling need for such discovery. *See Cullen v. Pinhoster*, 131 S.Ct. 1388, 1398 (2011). However, before the Court could rule on Petitioner's motion, Respondents expressed their desire not to oppose the motion, (ECF No. 18), and subsequently produced the report in question voluntarily without the Court's prompting. (ECF No. 19.)

3. As Petitioner did not raise this claim for relief in the state courts, and the new evidence, in the form of the recently-produced police report, was never considered by the state courts, Petitioner's claim may be unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A) and (c). The Court can, when appropriate, raise *sua sponte* the issue of exhaustion in a federal habeas petition. *Reeves v. Holmes*, No. 11-5700, 2014 WL 2196491, at * 2 (D.N.J. May 27, 2014); *Hernandez v. Mee*, No. 10-4653, 2011 WL 1599627, at *3 (D.N.J. Apr. 25, 2011); *see Granberry v. Greer*, 481 U.S. 129, 133 (1987) (holding that a Court of Appeal may raise the exhaustion issue *sua sponte* on appeal despite the State's failure to raise the issue in district court); *United States v. Bendolph*, 409 F.3d 155, 173 (3d Cir. 2005) (Nygaard, J, concurring in part and dissenting in part) ("The Supreme Court has held that, in the interests of comity and federalism, courts may raise a habeas petitioner's failure to exhaust state remedies *sua sponte*, even if the government does not") (citing *Granberry*, 481 U.S. at 131); *Scott v. Collins*, 286 F.3d 923, 934 (6th Cir. 2002) (abrogated on other grounds) (extending *Granberry*'s grant of authority to *sua sponte* dismissal on exhaustion grounds to district courts); *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996) (same).

4. Furthermore, Petitioner has filed a motion to stay the proceedings, (ECF No. 29), asking for a temporary stay to allow review of potential new evidence Petitioner has discovered regarding alleged improprieties during prosecution, specifically, the use of an improper photo array during

witness identification. (*See* ECF No. 23-1 at 11.) Any habeas claim based on such new evidence may also be unexhausted.

5. Lastly, in Respondents' Answer, in a transcript of a hearing in the Law Division concerning Petitioner's application for post-conviction relief, the Law Division stated that it would issue a written opinion on the disposition of said application. (ECF No. 28-1 at 34.) However, that written opinion is not part of the state court record submitted by Respondents as part of their Answer.

**IT IS** therefore on this 14th day of July, 2015

**ORDERED** that, within 30 days from the date of entry of this Order, the parties shall submit supplemental briefing on the issue of exhaustion regarding Petitioner's habeas claims based on newly discovered evidence; it is further

**ORDERED** that, in light of this Order, Petitioner's Motion for Stay, (ECF No. 29), is hereby **DISMISSED WITHOUT PREJUDICE**; Petitioner may renew the motion should the Court finds that Petitioner's habeas claims based on newly discovered evidence are unexhausted; and it is further

**ORDERED** that Respondents shall, within 30 days from the date of entry of this Order, submit to the Court the Law Division opinion referenced above.

_____
Michael A. Shipp
United States District Judge